NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case.  A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-307

JOHN DOE, SEX OFFENDER REGISTRY BOARD NO. 527557

vs.

SEX OFFENDER REGISTRY BOARD.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

John Doe, Sex Offender Registry Board No. 527557 (Doe), appeals from a Superior Court judgment affirming his final classification by the Sex Offender Registry Board as a level two sex offender.  G. L. c. 6, § 178K (2) (b).  Doe argues that the Sex Offender Registry Board hearing examiner (SORB or examiner) (1) lacked substantial evidence to support his decision classifying Doe as a level two sex offender; (2) misapplied regulatory factors three (adult offender with child victim) and thirty-two (sex offender treatment); (3) failed to properly consider a research article; and (4) abused his discretion by denying Doe's motion for expert funds.  We conclude that there was not substantial evidence to support the examiner's decision

to classify Doe as a level two sex offender.[1]  We therefore vacate the judgment affirming SORB's decision, and remand for further proceedings consistent with this memorandum and order.

Background.  1.  Doe's index offenses.  The examiner considered Doe's governing sex offenses, which involved convictions for five noncontact offenses defined as "sex offenses" under G. L. c. 6, § 178C.

a.  February 6, 2018 incident.  Doe pulled his pants down and masturbated in front of a thirty-seven year old woman while she was shopping in a store.  Doe was charged with open and gross lewdness, and on January 15, 2020, he pleaded guilty and was sentenced to a three-year term of probation that ran concurrently with the sentence he received for the March 18, 2019 incident, discussed below.

b.  February 8, 2018 incident.  Doe exposed himself to a fifty year old woman in a store.  The woman told police that he approached her with his pants down and masturbated while looking at her.  Doe was charged with open and gross lewdness, and on January 15, 2020, he pleaded guilty and received a sentence of probation for three years that ran concurrently with the sentence he received for the March 18, 2019 incident.

---

[1] Our disposition obviates the need to reach Doe's other claims.

2

c.  June 29, 2018 incident.  While walking towards a Starbucks, a fifty-four year old woman looked into a car and saw Doe in the driver's seat with the window down.  He was playing with his erect penis while looking at his phone.  After she told him that she was going to call the police, he started rubbing his penis faster.  Doe was charged with open and gross lewdness, and on January 15, 2020, he pleaded guilty and was sentenced to a three-year term of probation that ran concurrently with the sentence he received for the March 18, 2019 incident.

d.  March 18, 2019.  A fifteen year old girl noticed Doe watching her through the bookshelf at a public library.  When she looked at Doe, he stood up, and she saw that his pants and underwear were pulled down and that he was masturbating.  Doe was charged with open and gross lewdness, and on January 15, 2020, he pleaded guilty and received a sentence of two years in the house of correction, with one year to serve and the balance suspended for three years.

e.  October 8, 2020 incident.  When delivering mail to Doe's address, a twenty-nine year old mail carrier saw Doe standing by his car in his driveway wearing only a shirt.  She saw Doe grab his genitals with one hand while he waved to her with his other hand.  Doe was charged with open and gross

3

lewdness, and on August 3, 2021, he pleaded guilty and was sentenced to one year in the house of correction.

2. Other sexual misconduct. a. November 19, 2004 incident. Doe pulled his pants down "slightly" and exposed his penis to a fifty year old librarian while she was at her desk in the children's section of a public library. The victim reported to the police that Doe's penis was flaccid and that he was not masturbating. When police questioned Doe about the incident, he apologized for exposing himself and admitted that he had previously done this two or three times, and that he chose the victim because he found her attractive. He reported that he saw a doctor for emotional problems and would mention the incident to his doctor. He further stated that he knew what he did was wrong and would seek help. Doe was charged with indecent exposure, and on January 27, 2005, he pleaded guilty and received a continuance without a finding.

Although Doe was not convicted of a sexual offense, the examiner found the evidence sufficient and reliable that Doe's act was sexually motivated.

b. July 20, 2017 incident. While working in a store, a sixty year old woman saw Doe with his hands inside his pants. The victim thought he might have been masturbating. Police viewed surveillance video that showed the plaintiff "with his

4

shorts pulled down and his penis in his hand, moving his hand back and forth."  Doe was charged with open and gross lewdness and on September 12, 2018, he pleaded guilty to one count of indecent exposure, after the Commonwealth filed a partial nolle prosequi reducing the open and gross lewdness charge.  Doe was placed on probation until October 2, 2020.

Although Doe was not convicted of a sexual offense, the examiner found sufficient and reliable evidence that Doe's actions were sexually motivated.

3.  Doe's classification.  In October 2021, SORB notified Doe of its recommendation that he be classified as a level two sex offender.  After a de novo hearing challenging the recommendation, the examiner issued a decision on April 19, 2022, classifying Doe as a level two sex offender, concluding that he presents a moderate risk to reoffend and a moderate degree of danger such that a public safety interest is served by public access to his sex offender registry information and Internet dissemination.  He ordered Doe to register as a level two sex offender.

In concluding that Doe posed a moderate risk of reoffense, the examiner considered that Doe repeatedly committed sexual offenses "after having been discovered, confronted, and convicted of a sexual offense ([f]actor [two], full weight)."

5

The examiner noted further that Doe "sexually offended against a fifteen year old girl . . . ([f]actor [three]) . . . [and] sexually offended against seven [v]ictims, all of whom were strangers ([f]actor [seven], increased weight, and [f]actor [twenty-two])."  The examiner also found that Doe's victims ranged in age (factor twenty-one), and that Doe violated his probation for his previous sexual offenses by committing another sexual offense (factor thirteen).  The examiner considered risk mitigating factors -- he considered that Doe would be on probation (factor twenty-eight) and that he was involved in sexual offender treatment (factor thirty-two).  He also gave minimal weight to Doe's age, fifty-one years old (factor thirty).

In concluding that Doe posed a moderate degree of dangerousness, the examiner found that Doe exposed himself to and masturbated in front of a teenage girl (factor three); exposed himself to seven strangers, engaging in masturbation in front of some (factors seven and twenty-two); offended against women and a teenage girl (factor twenty-one); and sexually offended while on probation for earlier sex crimes (factor thirteen).  The examiner considered that Doe would be on probation as a mitigating factor (factor twenty-eight).

6

In finding that Internet dissemination of Doe's biographical information served a public safety interest, the examiner stated, "Although all of [Doe's] sex offenses have been non-contact, I find it concerning that he has increased his behavior from just exposure to masturbating in front of strangers.  Also concerning is [that] he has acted out in the teenage and children['s] areas of a public library."

Doe appealed the examiner's decision to the Superior Court. A judge affirmed the examiner's decision, and this appeal followed.

Discussion.  We review de novo a judge's consideration of an agency decision.  See Doe, Sex Offender Registry Bd. No. 523391 v. Sex Offender Registry Bd., 95 Mass. App. Ct. 85, 89 (2019).  In reviewing the examiner's decision, "we 'give due weight to the experience, technical competence, and specialized knowledge of the [examiner].'"  Doe, Sex Offender Registry Bd. No. 205614 v. Sex Offender Registry Bd., 466 Mass. 594, 602 (2013), quoting G. L. c. 30A, § 14 (7).  "A reviewing court may set aside or modify SORB's classification decision where it determines that the decision is in excess of SORB's statutory authority or jurisdiction, violates constitutional provisions, is based on an error of law, or is not supported by substantial evidence."  Doe, Sex Offender Registry Bd. No. 496501 v. Sex

7

Offender Registry Bd., 482 Mass. 643, 649 (2019) (Doe No. 496501), citing G. L. c. 30A, § 14 (7).  Substantial evidence is "such evidence as a reasonable mind might accept as adequate to support a conclusion."  John Doe, Sex Offender Registry Bd. No. 10800 v. Sex Offender Registry Bd., 459 Mass. 603, 632 (2019), quoting G. L. c. 30A, § 1 (6).

Doe contends that the examiner's decision to classify him as a level two sex offender was not supported by substantial evidence and that the examiner failed to make his findings by clear and convincing evidence.  To classify an individual as a level two sex offender, the examiner must make three explicit findings by clear and convincing evidence:

> "(1) that the risk of reoffense is moderate; (2) that the offender's dangerousness, as measured by the severity and extent of harm the offender would present to the public in the event of reoffense, is moderate; and (3) that a public safety interest is served by Internet publication of the offender's registry information."

Doe No. 496501, 482 Mass. at 644.

Here, Doe concedes there is "compelling" evidence that he poses a high risk of reoffense based on his history of exposing himself to multiple stranger victims in public places.  Doe instead challenges the examiner's finding that he poses a moderate degree of dangerousness, arguing that the examiner took the "checklist" approach, which we have rejected.  Doe, Sex Offender Registry Bd. No. 136652 v. Sex Offender Registry Bd.,

8

81 Mass. App. Ct. 639, 651 (2012) ("SORB's decision must show that the classification is based on a sound exercise of informed discretion rather than the mechanical application of a checklist or some other reflex").

To determine an individual's degree of dangerousness, an examiner must "consider what type of sexual crime the offender would likely commit if [they] were to reoffend . . . a hearing examiner would make this determination based on the sexual crime or crimes that the offender committed in the past." Doe No. 496501, 482 Mass. at 651. Generally, "an individual is . . . unlikely to pose [even] a moderate degree of dangerousness -- and thus to qualify as a level two sex offender -- where [their] risk of reoffense relates only to noncontact offenses that do not put a victim in fear of bodily harm by reason of a contact sex offense." Id. at 659-660.

Here, the examiner's findings fail to specify the type of sexual crime Doe would likely commit if he were to reoffend. As the examiner acknowledged, Doe's history of sexual offending, spanning almost twenty years, has involved only noncontact offenses. However, the examiner cited no evidence suggesting that Doe placed any of his victims in fear of bodily harm of a contact sex offense. See Doe No. 496501, 482 Mass. at 659-660.

9

The examiner may have believed Doe poses a risk of reoffending by committing a contact offense with a child or teenager and thus presents a moderate degree of dangerousness, but his decision fails to make explicit findings by clear and convincing evidence to support that finding.  See Doe, Sex Offender Registry Bd. No. 380316 v. Sex Offender Registry Bd., 473 Mass. 297, 312 (2015) ("the requirement that SORB make particularized, detailed findings concerning [offender's] classification were and continue to be important features of the process that offenders are due").  Instead, the examiner stated only that Doe exposed himself to seven strangers, masturbating in front of some, including a fifteen year old girl, and that Doe was on probation for earlier sexual crimes when he sexually offended in 2020.  The examiner failed to explain how these offenses are predictive of future contact offenses, and there is no evidence that any of Doe's victims expressed a fear of Doe committing a contact sex offense.  Accordingly, we conclude that there is not substantial evidence in the record to support the examiner's finding that Doe poses a moderate degree of dangerousness.[2]

---

[2] Because we conclude that the record failed to support the finding that Doe poses a moderate degree of dangerousness, we need not decide whether the evidence supported the examiner's finding that a public safety interest is served by Internet

10

Because we conclude that Doe's classification as a level two sex offender is not supported by substantial evidence on this record, we vacate the Superior Court's judgment affirming SORB's level two classification. The case is remanded to the Superior Court for entry of a new judgment declaring that there is substantial evidence only to support a level one classification.[3]

So ordered.

By the Court (Rubin, Neyman & Tan, JJ.[4]),

*Paul Little*

Clerk

Entered: July 23, 2025.

---

publication of Doe's registry information. See Doe No. 496501, 482 Mass. at 651 ("[A] moderate degree of dangerousness is required for the hearing examiner to classify an individual as a level two sex offender").

[3] We need not remand the matter to the examiner to clarify her finding because we conclude that there is not substantial evidence in the record to support a finding that Doe's degree of dangerousness is moderate.

[4] The panelists are listed in order of seniority.

11